IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LILLIAN BLAIR,<br><br>                Plaintiff,<br>v.<br><br>PROPERTY AND CASUALTY<br>INSURANCE COMPANY OF<br>HARTFORD, AKA THE HARTFORD,<br><br>                Defendant. | Case No. CIV-17-550-M<br><br>*(Removed from District Court of Oklahoma County,*<br>*Case No. CJ-17-2029)* |

## NOTICE OF REMOVAL

Defendant Property and Casualty Insurance Company of Hartford ("Hartford"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, removes this action from the District Court of Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma, based on the following:

1.    Plaintiff commenced this action entitled *Lillian Blair v. Property and Casualty Insurance Company of Hartford, a/k/a The Hartford,* Case No. CJ-2017-2029 (the "Action"), by filing the Petition with the District Court of Oklahoma County, Oklahoma (hereinafter the "Complaint"), on April 7, 2017. *See* Ex. 1, Compl.

2.    The Complaint purports to state claims against Hartford for breach of contract (First Cause of Action) and bad faith (Second Cause of Action). In each count, Plaintiff seeks damages against Hartford in an amount in excess of $100,000, exclusive of attorney's fees, costs, and interest.

3. The Complaint in the Action is attached as Exhibit 1. A copy of the Docket Sheet, Oklahoma County, Case No. CJ-2017-2029, is attached as Exhibit 2. The summons served on Hartford is attached as Exhibit 3. Pursuant to 28 U.S.C. § 1446(a), Hartford has attached all process, pleadings, and orders served upon it in this case. There are no motions pending before the Oklahoma County District Court in this matter, nor are any hearings currently set.

4. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because Hartford has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

**I.   Hartford has satisfied the procedural requirements for removal.**

5. The Corporation Company served Hartford on April 21, 2017. *See* Ex. 3, Summons served on Hartford. Thus, Hartford is timely removing this case to the U.S. District Court for the Western District of Oklahoma.

6. Under 28 U.S.C. § 1446(a), the United States District Court for the Western District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of Oklahoma County, Oklahoma, where the Action is pending. *See* 28 U.S.C. § 116(c) ("The Western District comprises the counties of . . . Oklahoma. . . .").

7. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

**II.     Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.**

8.      This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (a) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (b) between citizens of different states.  Thus, the Action may be removed to this Court by Hartford pursuant to 28 U.S.C. § 1441(a).

**A.     The amount in controversy requirement is satisfied.**

9.      It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interest and costs.  *See* Ex. 1, Compl., Prayer for Relief ("Plaintiff prays for a judgment, *in excess of $100,000* for each cause of action against Defendants Hartford. . . .") (emphasis added).

10.     The allegations regarding damages in the Complaint are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met.  28 U.S.C. § 1446(c)(2).

**B.     Complete diversity of citizenship exists between Plaintiff and Hartford.**

11.     Hartford is incorporated in Indiana with its principal place of business in Hartford, Connecticut.  For purposes of determining diversity jurisdiction, Hartford is therefore a citizen of Connecticut and Indiana.

12.     Plaintiff is a resident of Oklahoma.  *See* Ex. 1, Compl. ¶ 1.  Residence, while not equivalent to citizenship, "is *prima facie* evidence of domicile." *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Domicile is equivalent to

citizenship for purposes of diversity jurisdiction. *See Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006). Based on the foregoing and upon information and belief, Plaintiff is a citizen of Oklahoma.

13. Hartford reserves the right to amend or supplement this Notice of Removal.

14. Hartford reserves all defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b).

15. Hartford has not yet filed a responsive pleading and reserves the right to file its responsive pleading in accordance with Fed. R. Civ. P. 81(c)(2)(C), or as otherwise extended by Order of this Court.

16. Written notice of the filing of this Notice of Removal will be given to Plaintiff and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Hartford removes this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

Respectfully submitted this 11th day of May, 2017

>*s/ Jodi W. Dishman*
>Jodi W. Dishman, OBA #20677
>Samuel J. Merchant, OBA #32832
>McAfee & Taft A Professional Corporation
>10th Floor, Two Leadership Square
>211 N. Robinson
>Oklahoma City OK  73102
>(405) 235-9621; (405) 235-0439 (fax)
>E-mail:  jodi.dishman@mcafeetaft.com
>  sam.merchant@mcafeetaft.com
>**ATTORNEYS FOR DEFENDANT PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD**

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of May, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

Eric Reynolds, OBA #20394

ATTORNEY FOR PLAINTIFF

Additionally, I hereby certify that a true and correct copy of the above and foregoing was sent by electronic mail and U.S. Postal Service this 11t$^h$ day of May, 2017, to:

Eric Reynolds
217 N. Harvey #207
Oklahoma City, OK 73102

*s/ Jodi W. Dishman*
Jodi W. Dishman